# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **TRACEY TALBOTT AND AARON TALBOTT ON BEHLAF OF THEIR MINOR CHILD T.T.** | **CASE NO. 2:23-CV-00767** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TEXAS ENTERPRISES, INC., ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 13). Defendants oppose the Motion (Rec. Docs. 15 and 16). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the Parties, and for the reasons explained below, the Court recommends that the Motion be DENIED.

## Facts and Procedural History

This action alleging claims against Defendants Jeffrey Elledge, Texas Enterprises, Inc., Federated Service Insurance Company (erroneously named Federated Mutual Insurance Company), and Southern Farm Bureau Casualty Insurance Company was removed by Defendants from the 14th Judicial District

Court for the Parish of Calcasieu. (Rec. Doc. 1). On or about January 20, 2022, minor child T.T. was involved in a motor vehicle accident with an eighteen-wheeler driven by Defendant Elledge. (Rec. Doc. 1-1, ¶ 7). Defendant Texas Enterprises was the owner of the eighteen-wheeler and Defendant Elledge's employer. (*Id.* at ¶¶ 6 & 9). At the time of the accident, Defendant Federated Service Insurance Company provided liability insurance coverage for Defendant Texas Enterprises, and T.T. was covered by an insurance policy with underinsured/uninsured motorist ("UM") coverage issued by Defendant Southern Farm Bureau Casualty Company. (*Id.* at ¶¶ 10-11, 14).

Per Plaintiffs, Defendant Elledge's and Texas Enterprise's fault and/or negligence was a substantial cause of the accident which caused T.T. severe and disabling injuries including neck injury, back injury, trauma to her body as a whole, and other injuries to be established at trial. (*Id.*, at ¶ 17). Plaintiffs also allege that Southern Farm Bureau Casualty Insurance Company is liable because Defendants Jeffrey Elledge, Texas Enterprises, and Federated Service Insurance Company are underinsured motorists. (*Id.*, at ¶ 15). Plaintiff requests damages for past, present, and future physical pain and suffering; past, present, and future mental and emotional pain, anguish, and distress; past, present, and future medical expenses;

past, present, and future loss of enjoyment of life; property damage; and other damages and losses to be shown at trial. (*Id*., at ¶ 18).

In the Notice of Removal, Defendants allege that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. (Rec. Doc. 1). Plaintiffs filed the instant Motion to Remand alleging that Defendant Southern Farm Bureau Casualty Insurance Company destroys the Court's diversity jurisdiction because it has a $50,000.00 UM policy limit. (Rec. Doc. 13). Plaintiffs contend that the amount in controversy must be satisfied separately as to each Defendant, and that the $50,000.00 limit on Defendant Southern Farm Bureau Casualty Insurance Company's policy precludes the Court from finding that the amount in controversy is met. (Rec. Doc. 13-1).

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question, and those where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. The party

invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).  Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal court jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiffs do not challenge the parties' diversity, and the Court finds that diversity is satisfied. Plaintiffs also do not appear to challenge that the amount of damages potentially awarded could exceed the jurisdictional minimum.  Indeed, Defendant Texas Enterprises' policy with Federated Service Insurance Company has a $1,000,000.00 limit. (Rec. Doc. 15). Rather, in the Motion to Remand, Plaintiffs assert that Defendant Southern Farm Bureau Casualty Insurance Company's $50,000.00 policy limit destroys diversity jurisdiction requiring remand of the entire case.  (Rec. Doc. 13).  Plaintiffs argue that the "jurisdictional amount [is] controlled by the extent of [the] UM insurer's liability to plaintiff, not including the amount of plaintiff's recovery against [the] underinsured motorist."  (*Id*. (citing *Henderson v. Allstate Fire and Cas. Ins. Co.*, 154 F.Supp3d 428, 431 (E.D. La. 2015) and *Wheeler v. Farmers Ins. Exchange*, No. 13-CV-0951, 2013 WL 4432097 (W.D. La. Aug 16, 2013)). Plaintiffs reason that this lawsuit could not result in a lawful judgment against Defendant Southern Farm Bureau Casualty Insurance Company in

excess of $50,000.00 and maintain that UM carriers are not considered solidary obligors with liability carriers. (Rec. Doc. 13-1). Thus, it is Plaintiffs' position that the amount in controversy requirement is not met as to Defendant Southern Farm Bureau Casualty Insurance Company requiring remand. (*Id*.).

Plaintiffs' reasoning is inconsistent with the reasoning of *Exxon Mobil Corp. v. Allapattah Servs., Inc.* In *Allapattah*, the United States Supreme Court considered whether a federal court can exercise supplemental jurisdiction in a diversity case where "the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2620 (2005). The Supreme Court reasoned that:

> …the answer must be yes. When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment.

*Id*.

While *Allapattah* considered whether a federal court in a diversity action could exercise supplemental jurisdiction over additional diverse plaintiffs whose claims did not satisfy the amount in controversy requirement, courts have extended this rational to exercise supplemental jurisdiction over additional diverse defendants

whose claims do not satisfy the amount in controversy requirement citing to 28 U.S.C. § 1367(a).  *See Stayler v. Singh*, No. 22-689, 2022 WL 17491049 (W.D. La. Nov. 17, 2022*); see Vincent v. Richardson,* No. CV 22-123-JWD-SDJ, 2023 WL 2198646 (M.D. La. Feb. 8, 2023), report and recommendation adopted, No. CV 22-123-JWD-SDJ, 2023 WL 2191205 (M.D. La. Feb. 23, 2023).  In fact, the *Stayler* Court and *Vincent* Court were faced with almost identical facts to those presented here, namely an automobile accident plaintiff with both labiality and limited UM insurance defendants.  *Id*.

The *Stayler* and *Vincent* Courts analyzed the *Allapattah* holding alongside 28 U.S.C. § 1367(a) in finding supplemental jurisdiction over the additional diverse defendants whose claims did not satisfy the amount in controversy requirement.  *Id*. Pursuant to 28 U.S.C. § 1367(a), a federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy [...]." 28 U.S.C. § 1367(a). However, in diversity cases, the exercise of supplemental jurisdiction is limited to claims that will not be "inconsistent with the jurisdictional requirements" of 28 U.S.C. § 1332:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of

the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367.

Similar to *Stayler* and *Vincent*, in the present case, there is no question that the claims against Defendant Southern Farm Bureau Casualty Insurance Company and Defendant Federated Service Insurance Company arise from the same case or controversy because the same accident and injuries allegedly give rise to the liability of both insurers, allowing the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a). Because Defendant Southern Farm Bureau Casualty Insurance Company is diverse from Plaintiffs, and no other jurisdictional defects are alleged, the Court finds that 28 U.S.C. § 1367(b) does not prevent the exercise of supplemental jurisdiction over the claims against Defendant Southern Farm Bureau Casualty Insurance Company, regardless of the amount of those claims. *See Exxon Mobil Corp.*, 125 S. Ct. at 2620. Accordingly, it is recommended that Plaintiffs' Motion to Remand (Rec. Doc. 13) be DENIED.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 4th day of March, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE